UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60684-BLOOM

JOHN EDWARD BRADHAM,

    Plaintiff,

v.

DETECTIVE STEVEN SMITH, *et al.*,

    Defendants.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Plaintiff John Edward Bradham's ("Plaintiff") Complaint filed pursuant to 42 U.S.C. § 1983, ECF No. [1] ("Complaint"). To date, Plaintiff has neither paid the $402.00 filing fee, nor sought leave to proceed to proceed *in forma pauperis* ("IFP"). The Complaint is nonetheless subject to screening under 28 U.S.C. § 1915A of the Prison Litigation Reform Act ("PLRA"), which does not distinguish between plaintiffs who proceed IFP and those who pay the filing fee. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007). For the reasons set forth below, the Complaint is dismissed.

    **I.**    **FACTUAL ALLEGATIONS**

Plaintiff brings this action against Defendants Detective Steven Smith, Detective Carlton Smith, and the Fort Lauderdale Police Department. ECF No. [1] at 1. He alleges that Fort Lauderdale police officials violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights "befor[e] and after [he] was taken into custody. Perjury and false imprisonment." *Id.* at 2. Plaintiff seeks four million dollars in damages for his "suffering" and "mental anguish." *Id.*

    **II.**    **STANDARD OF REVIEW**

"Under § 1915A, the district court is required to review a complaint in which a prisoner

seeks redress against governmental entities, employees, or officers and dismiss the complaint if it (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted or (2) seeks monetary relief from an immune defendant." *Thompson*, 213 F. App'x at 942.

In reviewing a complaint under § 1915A, a court must take the allegations in the complaint as true. *Anderson v. Donald*, 261 F. App'x 254, 255 (11th Cir. 2008); *see also Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, under § 1915A, courts may dismiss as frivolous claims that lack any arguable basis either in fact or in law, are "based on an indisputably meritless legal theory," or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

The standards governing dismissal under Federal Rule of Civil Procedure 12(b)(6) are the same as the standards that govern dismissal under § 1915A for failure to state a claim. *See White v. Lemma*, 947 F.3d 1373, 1376-77 (11th Cir. 2020). Thus, a court may dismiss a complaint that fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless, have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation omitted). As such, a court may dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (per curiam) (citing Fed. R. Civ. P. 41(b)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)).

Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "[e]ach allegation must be simple, concise, and direct." *Id*. at 8(d)(1). The statement must "give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (alteration in original) (quotation omitted). Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level" with "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III.   DISCUSSION

Plaintiff's bare bones allegations are insufficient to state a claim upon which relief can be granted. Although *pro se* plaintiffs are afforded liberal construction of their complaints, *see Haines*, 404 U.S. at 520, Plaintiff's two-sentence statement does not provide enough details to even hypothesize a potential claim. Under the standard set forth in *Twombly/Iqbal*, the scant allegations presented here are conclusory and do not warrant relief.

Additionally, Plaintiff has failed to either pay the filing fee or seek leave to proceed in district court without payment. Under 28 U.S.C. § 1914(a), the Clerk of Court is instructed to require parties instituting a civil action to pay a filing fee. *See id*. Nevertheless, under 28 U.S.C. § 1915(a)(1),

> any court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

*Id*. To this end, Local Rule 88.2(b) of the United States District Court for the Southern District of Florida provides:

Case No. 21-cv-60684-BLOOM

> When a petition, motion to vacate, or complaint is submitted in forma pauperis, the petitioner/movant/plaintiff shall submit the form "Application to Proceed Without Prepayment of Fees and Affidavit," which may be obtained from the Clerk of the Court, or an affidavit which substantially follows the form, and shall, under oath, set forth information which establishes that he or she is unable to pay the fees and costs of the proceedings referenced above.

*Id.* Plaintiff has failed to properly file his § 1983 Complaint.

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A for failure to state a claim and for failure to pay a filing fee. The Clerk of Court is directed to mark the case as **CLOSED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 31, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

John Edward Bradham, *Pro Se*
501802255
Broward County Jail-JCF
J. Conte Facility
Inmate Mail/Parcels
Ft. Lauderdale, FL 33340